## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____  :
                                 :
DOZIER JOEL KEENAN,              :
                                 :        Civil Action No.
              Plaintiff,         :          10-0424 (RBK)
                                 :
         v.                      :    MEMORANDUM OPINION AND ORDER
                                 :
JUDGE RAYMAND A. BATTEN et al.,  :
                                 :
              Defendants.        :
_____  :
```

IT APPEARING THAT:

1.    Plaintiff, a state prisoner, initiated this action by
      submitting his civil complaint ("Complaint") and his
      application to proceed in this matter in forma pauperis.
      See Docket Entry No. 1.  The latter qualifies Plaintiff for
      in forma pauperis status.

2.    Plaintiff named, as Defendants in this action, Judge Batten
      ("Judge") of the Superior Court of New Jersey, Law Division,
      as well as an "Unknown Female Supervisor" ("Supervisor") and
      a "Police Officer, Unknown" ("Officer").  See Docket Entry
      No. 1, at 1 (caption).

3.    The Complaint alleges that, sometime during 1994 and/or
      1995, Plaintiff fell behind on his child support payments,
      with the arrears amounting to about $2,500.  See id. at 5.
      When the claim for child support payments was presented to
      Judge Batten during Plaintiff's hearing, Judge Batten

declined Plaintiff's offer to pay $250 (the only amount
Plaintiff, allegedly, had available) and directed Plaintiff
to pay at least $500 within two hours after the hearing.
See id.  According to the Complaint, the Supervisor rejected
Plaintiff's attempts to pay only $250 and stated that she
would accept only a $500 payment, pursuant to Judge Batten's
order.  See id. at 5.  After Plaintiff failed to make the
$500 payment and, seemingly, began avoiding any contacts
with law enforcement officials, see id., at 4 ("[The Judge]
would not accept child support payment in the amount of $250
. . . which force[d Plaintiff] to become [a] fugitive"),
Judge Batten executed a warrant for Plaintiff's arrest.[1]
See id.  Apparently, Plaintiff's child support payment
problems continued in 1996, since -- according to the
Complaint -- Plaintiff kept making delayed child support
payments during 1996.  Plaintiff alleges that, fifteen
minutes after he made one of these delayed payments, the
Officer arrested him on the grounds of the arrest warrant
authorized by Judge Batten, even though Plaintiff maintains
that this particular delayed payment eliminated Plaintiff's
arrears.  See id.

---

[1]  It appears from the face of the Complaint that the
warrant remained outstanding, although Plaintiff's arrest was
executed a year later.

4.   Plaintiff asserts that Judge Batten, the Supervisor and the
     Officer are liable for violation of his constitutional
     rights.  Specifically, he seeks termination of their
     employment and unspecified monetary damages.  See id. at 7.

5.   Plaintiff's allegations are subject to dismissal on various
     grounds.  Judge Batten is absolutely immune from the instant
     suit under 42 U.S.C. § 1983.  "[J]udges . . . are not liable
     to civil actions for their judicial acts, even when such
     acts are in excess of their jurisdiction, and are alleged to
     have been done maliciously or corruptly." Figueroa v.
     Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump
     v. Sparkman, 435 U.S. 349, 355-6 (1978)).  Because the
     alleged actions by Judge Batten were judicial acts which are
     absolutely protected from suit for damages under § 1983, all
     Plaintiff's claims against Judge Batten should be dismissed
     under 28 U.S.C. § 1915A(b)(2).

6.   Plaintiff's allegations against the Supervisor are similarly
     subject to dismissal, since these allegations merely assert
     that the Supervisor refused to violate Judge Batten's order.
     Plaintiff had no constitutional right to have the Supervisor
     violate a judicial order.  Therefore, his claims against the
     Supervisor fail.

7.   Finally, Plaintiff's claims against the Officer are also
     subject to dismissal.  Construed most favorably to

3

Plaintiff, these allegations assert that the Officer executed a wrongful arrest by failing to verify that Plaintiff made the delayed child support payment fifteen minutes prior to the arrest.[2]  However, even if the Court were to hypothesize, for the purposes of this Memorandum Opinion and Order only, that such arrest could be qualified as a wrongful arrest, Plaintiff's claims against the Officer are facially time barred.  Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  See Cito, 892 F.2d at 25; accord Brown v.

---

[2]  To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.  See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  Here, the Officer was acting upon probable cause, which was supplied by the arrest warrant issued by Judge Batten.

4

Foley, 810 F.2d 55, 56 (3d Cir. 1987).  A claim for wrongful

arrest accrues  Unless their full application would defeat

the goals of the federal statute at issue, courts should not

unravel states' interrelated limitations provisions

regarding tolling, revival, and questions of application.

See Wilson v. Garcia, 471 U.S. at 269.  Here, Plaintiff

unambiguously indicates that his arrest by the Officer took

place sometime in 1996.  Plaintiff's instant Complaint,

however, was executed on December 21, 2009, and -- hence --

could not have been submitted to Plaintiff's prison

officials for mailing to the Court prior to that date.

Consequently, even if the Court were to hypothesize that

Plaintiff's arrest by the Officer took place on the very

last day of 1996, i.e., on December 31, 1996, Plaintiff's

allegations against the Officer would be time barred for

almost eleven years.[3]  In light of such substantial delay,

---

[3]   A § 1983 claim for false arrest typically accrues on the
date of the plaintiff's arrest.  See Montgomery, 159 F.3d at 126;
Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).  An arrestee
can file suit as soon as the allegedly wrongful arrest occurs;
the limitations period begins to run, however, only when the
allegedly false imprisonment ends, that is, when the arrestee
becomes held by legal process, for example, when he is bound over
by a magistrate or arraigned on criminal charges.  See Wallace v.
Kato, 549 U.S. 384, 388-90 (2007).

it appears futile to inquire about Plaintiff's grounds for equitable tolling.[4]

8.   Therefore, Plaintiff's claims against Judge Batten are subject to dismissal on the grounds of judicial immunity and as time barred.  Plaintiff's allegations against the Supervisor are subject to dismissal for failure to state a claim and as time barred.  And Plaintiff's claims against the Officer are subject to dismissal on the grounds that the Officer acted upon probable cause and, in addition, on the grounds of the statute of limitations.  In light of the foregoing, Plaintiff's Complaint shall be dismissed.

9.   Although the Court recognizes that a <u>pro se</u> pleading is held to less stringent standards than more formal pleadings drafted by attorneys, <u>see</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), and leave to amend should be liberally granted, such grant is not warranted where it is clear from the face of the pleading that the deficiencies of the litigant's factual allegations cannot be cured by allowing amended pleadings. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F. 3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F. 3d 113, 117 (3d Cir. 2000).  In this case, nothing alleged by Plaintiff

---

[4]  Plaintiff's Complaint is silent as to any grounds for equitable tolling.  <u>See</u> <u>generally</u>, Docket Entry No. 1.

insinuates that he could cure the deficiencies in the
Complaint by amending it.  Accordingly, this Court will
dismiss Plaintiff's challenges with prejudice.

IT IS on this __26th__ day of ____March____, 2010,

ORDERED that the Clerk of the Court is directed to file the
Complaint in the above-captioned action; and it is further

ORDERED that Plaintiff's application to proceed in this
matter in forma pauperis is granted, and Plaintiff is assessed a
filing fee of $350.00 and shall pay the entire filing fee in the
manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1)
and (2), regardless of the outcome of the litigation; and it is
further

ORDERED that in each month that the amount in Plaintiff's
account exceeds $10.00, until the $350.00 filing fee is paid, the
agency having custody of Plaintiff shall assess, deduct from
Plaintiff's account, and forward to the Clerk of the Court
payment equal to 20% of the preceding month's income credited to
Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and each
payment shall reference the civil docket number of this action;
and it is further

ORDERED that the Clerk of the Court shall serve a copy of
this Order by regular mail upon the Attorney General for the
State of New Jersey and upon the warden of the place of
Plaintiff's current confinement; and it is further

7

ORDERED that the Complaint, Docket Entry No. 1, is dismissed with prejudice; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail; and it is finally

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED".

s/Robert B. Kugler
**Robert B. Kugler,**
**United States District Judge**